The last case called for oral argument is People v. Cook. Counsel, whenever you're ready, you may proceed. Thank you, Your Honor. May it please the Court, I'm Robert Burke, the Office of the State Court Defender. I represent the defendant, Charles Cook. We're asking the Court to reverse the summary dismissal of his first stage post-conviction petition and send it back for a second stage of proceedings. The first thing I want to do, as a matter of housekeeping errors, on page 7 of my briefing and when I was giving the standard review, I made several quotes about Hodges, the Big Four case of Hodges. And one thing I say is an indisputable error in the legal theory is one which is completely contradicted by the records, but then I don't give a page cite to Hodges. And that appears in Hodges in the official record, in the official book at pages 30 to 31. The question in this case is whether Mr. Cook stated the gist of a claim. He did. He needed an attorney to give him guidance as to the law, and his attorney misadvised him. It was a run-of-the-mill methamphetamine case. One of his co-defendants got a plea offer, and she accepted the plea offer. She testified at trial. That was a woman named Marla Taylor. Then the other co-defendant, Howard Howell, he also went to trial and lost, and he had an appeal, I believe a post-conviction appeal, too. Their defendant was Mr. Cook. The state and I are in agreement on some things. There's one thing that we're on a disagreement about. At page 14 of the state's brief, it says that Mr. Cook alleges only that this was communicated to him, the information about the bad sentence. It gave him information about truth in sentencing that was accurate in 2007 but was not accurate in 2008, whether he had to serve 50 percent of your time or whether he had to serve 75 percent of your time, and whether he could get six months off for programs like getting a GED or working in the prison laundry or anything like that. This bad information, according to the state, the PC alleges only that this was communicated to him at an unnamed time by an unnamed person or persons, not that Rose, the initial trial attorney, told him of this information. Now, the state's referring to page 414 in the record. Page 414 in the record, that's one page in his post-conviction petition, and I've attached it to my reply brief. The heading is the petitioner was denied effective assistance of counsel at the pretrial, and it goes on from there. And then there's a subparagraph, and it says, subparagraph one, misadvice about plea bargain. Everything that he alleges there is about ineffective assistance of counsel, about misadvice about this plea bargain, about what the law was. So I think the state is wrong on what he's alleging and that I'm right. And at any rate, because it's an initial pleading, there's a liberal construction. I heard that earlier today in an oral argument because it's civil procedure. There's a liberal construction, and all fair inferences have to be given to Mr. Cook. The state and I agree on a number of things. That the truth in sentencing law changed once in a year before this case, that it went from 50 percent to 75 percent. You'd have to serve with your sentence. And that the public act 95-134 became effective prohibiting meritorious good time. We agreed that if an attorney gives bad advice about truth in sentencing, that is ineffective assistance of counsel. We agreed that no affidavit is needed from the attorney being alleged ineffective. So then we get into the dispute about affidavits. The first thing at page 426 of the record, and I attach that to my reply brief, is Mr. Cook's affidavit. It says at the top, affidavit. It's got all the wording of an affidavit. He signed it in the presence of the notary public, and the notary public notarized it. So that's an affidavit. That's his affidavit. Now he did not attach an affidavit from the attorneys he alleged ineffective. The state wants to make an issue of the fact that he did not have an affidavit from the prosecutor who gave the plea offer. Now there's two things that were bad here. One, that whether he was told about the plea offer, and two, whether he was given misadvice about the sentence he would have to serve. So on whether there was a plea offer made of 12 years, and he did not go to trial and he got 16 years. But the state cites a case that's called Collins. Collins, it's a procedurally complicated case. You have to read the appellate court opinion in it. But really it comes down to that was just a stage one post-conviction where the guy did not state the gist of a claim. Collins pleaded guilty to a negotiated, fully negotiated plea, and he was told if you don't like this, you have to file a motion to withdraw your guilty plea. So instead, months later, he files a post-conviction petition saying he wanted to appeal, but his attorney didn't do it. And he wanted a motion to reduce sentence, but his attorney didn't do it. Well, neither of those things affect a negotiated, fully negotiated plea. So he was out of luck. And so Collins doesn't really apply to this case. The Collins reply relies on Washington. Washington was a second stage post-conviction petition where an attorney got involved and could gather evidence for the defendant, could gather affidavits for the defendant who's sitting in prison. And there, there was no affidavit from the attorney, but there was no affidavit from the prosecutor, and there was no affidavit from the judge. And that didn't matter. Washington got relief. With Williams, that was a second stage post-conviction case where the attorney could gather affidavits, and there was no, there was no problem that there was no affidavit from the prosecutor. The state cites a case called Winfield. There was an affidavit from an assistant prosecutor in that case. But that was a case that went to a third stage evidentiary hearing where he had counsel, counsel got affidavits, and then they called in witnesses. Mr. Cook has not had an opportunity to have an attorney mold his pleadings for him. And yet he still stated the gist of a claim. The state cites Ferguson. There were five affidavits, but that's one where there was court-appointed post-conviction counsel. The state cites Jackson. Jackson was a stage two post-conviction case. All the cases that the state cites against Mr. Cook are stage two cases, except Collins, and Collins doesn't really apply to this situation. Mr. Cook stated the gist of a claim, and any fair reading of his pleading shows that. We're not asking that his judgment be set aside or anything like that. We're just asking that he be allowed to have a stage two attorney appointed to assist him. Thank you, Your Honors. Thank you, Counsel. Counsel? May it please the Court? Counsel? Jennifer Camden on behalf of the people. I'd also like to address a bookkeeping matter. On page six of the state's answer brief, I mistyped a quote from the Hall case. The page should read that it should be easily inferred that, quote, the only affidavit the defendant could have furnished, et cetera. I mistyped the word attorney there. The appellate court is talking about affidavits furnished by the defendant because, of course, it's discussing the duty of pro se petitioner. Now, in the state's answer brief, the state cited cases that, as I said, supported the state's claim that an affidavit from a prosecutor or an explanation for why it couldn't be obtained was required, cases where an affidavit was actually required by the appellate court or where it had been actually obtained by the petitioner. The reply brief in response cites cases that the petitioner says supports his argument that such affidavit is not required of a pro se petitioner at the first stage. But there's an explanation, a theory that harmonizes these cases. That in the state's cases where a prosecutor's affidavit was required or obtained, the petition itself makes clear that the prosecutor had knowledge of some of the events alleged in the petition, yet that petition also did not allege prosecutorial misconduct. But in the petitioner's cited cases of Washington and Williams, the petitioner in those cases either alleged prosecutorial misconduct, in which case the prosecutor, like defense counsel, wouldn't be expected to sign an affidavit confirming the petitioner's claim, or else the petitioner's claim didn't involve the acts of the prosecutor at all. So either way, the petition in Washington and Williams indicated why the petitioner could not have obtained additional affidavits. The Jackson case, the appellate court case from 1991, cited by the People, in that case the petition alleged that the state had offered a plea deal under which the petitioner would have served four years, and that the petitioner didn't accept that offer based on his own attorney's failure to advise him about extended term sentencing. The appellate court in that case affirmed dismissal of the petition because the petition failed to supply supporting material. The appellate court in that case said that affidavits were, quote, absolutely necessary because the record didn't support the petitioner's claim that the state had made the four-year plea offer. And that case is relevant because the petitioner, the prosecutor's affidavit in that case was necessary because the record didn't otherwise support the claimed existence of the plea offer, and the petitioner in that case did not claim prosecutorial misconduct. I compare that case to Washington and Williams, the case cited by the petitioner. In Washington, a petitioner alleged his counsel told him that the prosecutor and the judge had agreed to give him 14 years if he pled guilty. He got 25 years. The Supreme Court in that case observed that if this allegation were true, that that unfulfilled promise by the prosecutor would have invalidated the plea. The Illinois Supreme Court in Collins noted that the petition in Washington explained on its face why other affidavits and evidence were unobtainable. By the way, in Collins, the petitioner today mentioned the state citation of Collins, said that the case is distinguishable on the facts. I'm sure it is, but the state cited it for the proposition that failure to attach affidavits by itself justifies summary dismissal, nothing more. The petitioner's other cited case, Williams, in that case, the petition claimed that the attorney whispered to him that the state would have given him only the sentence if he pled. The petition didn't allege that an offer was actually made, and this petition made clear, again, from the face of it, that no one else, including the prosecutor, would have heard these allegedly whispered words. So the point is that in both of these cases, Washington and Williams, the petitions contained explanations as to why the affidavits from the prosecutors were unobtainable. One alleged wrongdoing by the prosecutor. The other alleged an agreement that didn't include the prosecutor. And I think that's why, as the petitioner notes on pages four and five of his reply, the Supreme Court in those cases didn't even ask if an affidavit from the prosecutor could have been obtained. But this case isn't like those two cases. It's like Jackson. The petitioner alleges only that the state extended an offer, not that there was any wrongdoing on the part of the prosecutor. So the fact that the state – the allegation that the state extended an offer is a factual allegation that's capable of corroboration, and it's not clear from the face of that petition why the prosecutor's affidavit could not be obtained. The reply brief at pages six through nine distinguishes cases – the people cited cases Whitfield and Ferguson due to the specific facts of those cases. Again, the people cited those cases just for the proposition at the point that in both of those cases, affidavits from the prosecutors were obtained to state that an offer had been made, and a similar affidavit could have been obtained in this case, or the petitioner was obligated to explain why not. The reply brief at page six states that the Jackson case was not dismissed based on the lack of affidavits. The appellate court opinion in Jackson at page 810 of the PIN site states that it was affirming the dismissal on the basis of the failure to supply supporting material. The reply brief at pages five and then again at nine and ten emphasizes that the state cited cases were second or third stage cases, whereas this is a first stage case. True, but the affidavit requirement is a first stage requirement, and pro se petitioners are required to seek affidavits or explain their absence under the Post-Conviction Hearing Act. And of course, as the court knows, a petition can reach the second stage without a court ruling on the sufficiency of the pleading, and apparently that is what happened in Jackson where counsel was appointed after the petitioner filed his post-conviction petition. So there the issue didn't arise at the first stage, but it certainly could have. It would have been grounds for first stage dismissal. The reply brief at page ten states that the state is asking this court to hold the indigent inmate to the high standard required of an attorney. And Collins speaks to this also near the end of the opinion, speaks about the fact that in some cases the affidavit requirement will place an unreasonable burden on a petitioner, as in Washington and Williams. And again, Collins does distinguish Washington and Williams at great length, but that such petitioners must at least explain why such evidence is unobtainable and that the defendant in such cases where he does not provide that explanation isn't asking to be excused from the evidentiary requirements of section 122-2. He's asking to be excused from the pleading requirements of the Post-Conviction Hearing Act. One final note is that I want to call the court's attention to a case cited in the People's Answer Brief of Rogers. In that case, one of the petitioner's claims was ruled to have not been substantiated at the first stage where a corrections officer could have given an affidavit regarding one of the allegations in the post-conviction petition. So in that case, the inmate would not have been excused from approaching the corrections officer and requesting an affidavit from him. The court said that if petitioner's counsel hadn't approached the corrections officer, that that didn't excuse the petitioner himself from doing so. Now, again, Rogers is a case occurring after counsel was appointed, but the point is that Rogers states that on those facts, that claim would not have survived the first stage dismissal. So for these reasons and the reasons stated in the People's Answer Brief, I respectfully request that the court affirm. Thank you, counsel. Counsel? Thank you, Your Honor. A couple of things here. First of all, the public counsel talks about Rogers and says that was a stage 2 case. Counsel was appointed. Washington, stage 2, counsel was appointed. Williams, stage 2, counsel was appointed. Woodfield, stage 3, counsel was appointed. Ferguson, stage 2, counsel was appointed. Jackson, stage 2, counsel was appointed. If you want affidavits, appoint counsel and tell counsel to go get them or the pleading is going to fail. Thus far, Mr. Cook has not had that opportunity, and that's what we're asking for. The state does not address the fact that he was given bad legal advice when he had to decide on what to do in this case. I want to end by saying, referring back to Hodges, nothing in this record contradicts his post-conviction petition. There's no contradiction whatsoever in this record on his allegations as to these two things because there's nothing. And Hodges says pass it to stage 2 unless it's wholly contradicted by the record. Here, it's not at all contradicted by the record. Thank you, Your Honor. Thank you, counsel. We appreciate the briefs and arguments of counsel. We'll take this case under advisement. There being no further oral arguments, we're adjourned.